Allen, J.
delivered the following as the opinion of the court:
The court is of opinion, that as the court of Orange county had general jurisdiction to grant administration when a proper state of facts existed; whether the court erred or not, in determining that the facts were proved upon which the power to grant administration in the particular case depended, is not to be enquired into collaterally. Until such orders or grants were reversed or revoked, they conferred on the grantees all the power's of rightful administrators. The court is further of opinion, that when the grants expired by the death of the grantees, and the estate was unrepresented, it became the duty of some court to appoint an administrator: that if the first appointment had been made by a court having no jurisdiction, such appointment did not oust the jurisdiction of the proper court; but that when the first appoinment had been revoked or the order reversed, or when the grant expired by the death of the grantee, and there was no conflicting right in existence, it was competent for the court which in the first instance might have rightfully exercised jurisdiction, to grant administration. Whether the particular stale of facts existed which would have authorized such court to grant administration originally, was a matter to be enquired into and decided by the court; and the decision, if erroneous, would be voidable only, *130 and not void. The court is therefore of opinion that the grant of administration made by the court of Hanover to William D. Taxjlor on the estate of Zachariah Burnley, when there was no conflicting administration *n existence, and which has not been reversed or revoked, is to be held valid, and the said William D. Taxjlor and the sureties in his official bond are responsible for his acts.
The court is further of opinion that where, as in this case, the administrator sues for and recovers money, debts or effects as the assets of the estate, he must account for them ; and his sureties, who have covenanted for his faithful administration of them, are liable if he fails so to account. The court is therefore of opinion that the said administrator Taylor and his sureties were liable to the appellees, for the assets received of the representative of Hardixi Burnley's estate and the representative of Alexander Shepherd's estate.
The court is further of opinion that as the administrator de bonis non cannot compel the representative of a former administrator to account for the converted assets, it would have been competent for the appellees, if the assets of Zachariah Burnley had been converted by his first administrator Hardin Burnley, to proceed against his representative for satisfaction. But as the appellees did not proceed against such representative, but, after the death of said Hardin Burnley, dismissed his representative from the suit, and revived the same against the administrator de bonis non of Zachariah Burnley, it was lawful and proper for the representative of Hardin to transfer and pay over to the representative of Zachariah Burnley for the time being, against whom the appellees were proceeding, the unapplied assets of Zachariah Burnley; and that such payment, made (as in the present case) in good faith and under the sanction of a decree of a court of competent jurisdiction, is a complete protection to the *131 representatives of Hardin Burnley’s estate for all sums so paid over to Alexander Shepherd and William D. Taylor, the succeeding administrators of Zachariah JoUTTllcy*
The court is further of opinion, that as the matter in controversy in the original cause was as to the extent of liability of the estate of Zachariah Burnley on account of the assets of John Burnley received by him, it would not have been proper for the representative of Alexander Shepherd, who held in his hands the admitted unapplied assets which his intestate had received from Hardin Burnley’s representative, to pay over those assets to the appellees until the appeal had been disposed of; as, if the decree had been reversed, he would in that event have been responsible’to the proper distributees of Zachariah Burnley for the amount. The court is further of opinion that though the appellees had obtained a decree against said Alexander Shepherd as administrator de honis non of Zachariah Burnley, such decree was personal, only in respect to the assets admitted to be in his hands, and which it was nowhere alleged that he had converted or wasted. That when such unapplied assets came to the hands of his administrator, however the rule might be at law, in equity they should be treated as the unadministered assets of Zachariah Burnley: and that when the administrator of Alexander Shepherd, in pursuance of a decree of a court of competent jurisdiction, paid over and transferred to the representative of the said Zachariah Burnley such assets, such payment, if made in good faith, should protect the estate of Alexander Shepherd from the claim of the appellees. That in this case no collusion or bad faith is imputed or proved; but on the contrary, the course of the appellees throughout indicated to all concerned, that they looked to the representative of Zachariah Burnley for the time being, and to him alone, for satisfaction of their claim. They *132 bad instituted their suit against Zachariah Burnley: on his death, they revived it against Hardin Burnley his administrator: on his death, they dismissed the representative of Hardin Burnley from the cause, and rev*ved it against Alexander Shepherd administrator de Irmis non of Zachariah Burnley, who thereupon proceeded to collect from the representative of Hardin Burnley the assets of Zachariah Burnley: and on the death of Alexander Shepherd, they revived against William D. Taylor administrator of Zachariah Burnley, who proceeded to collect the assets from his predecessors in the administration. Under such circumstances it would be against equity to compel the representatives of Alexander Shepherd again to pay the amount.
The court is therefore of opinion that the bill should have been dismissed as to the representatives of Alexander Shepherd, but without costs. That the bill should have been dismissed as to the representatives of Hardin Burnley, but without costs, unless the appellees had desired an account of the administration of Hardin Burnley on Zachariah Burnley's estate, for the purpose of shewing that a greater amount of assets of the said Zachariah Burnley had come to the hands of Hardin Burnley, than had been paid over to the said Alexander Shepherd and William D. Taylor, his successors in the administration on Zachariah Burnley's estate : and that the appellees are still entitled to such an account, if desired. That a decree should have been rendered against William D. Taylor and his sureties in the administration bond, or their representatives, for the amount of assets received by said Taylor of Alexander Shepherd's representative and Hardin Burnley's representative, together with any other assets of Zachariah Burnley which came to the hands of Taylor: and that leave should have been given the appellees to amend their bill, and make any other person or persons *133 parties, who may have improperly received from said Taylor the assets of said Zachariah Burnley's estate.
It is therefore considered that the said decree be in all things reversed with costs, and the cause remanded, to revive and make the proper parties, and to be proceeded in according to the principles of this decree.